# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:11CR00037-002 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JAMES RICHARD CONLEY, JR.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Justin Lugar, Assistant United States Attorney, Roanoke, Virginia, for United States; John Stanford, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, a federal inmate previously sentence by this court, has filed a motion by counsel seeking compassionate release from his sentence, based on his desire to assist his ill wife, as well as his mother, who is disabled after a stroke. The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018), which permits a reduction in sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and if the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." While the United States opposes the motion, it does not defend on the ground that Conley has not exhausted his administrative remedies. The defendant's motion has been fully briefed and is ripe for decision.

Pursuant to a written Plea Agreement, the defendant pled guilty to conspiring to possess with intent to distribute 500 grams or more of a mixture of methamphetamine. He was subject to a statutory mandatory minimum sentence of 240 months and was sentenced at the low end of his guideline range on June 25, 2012, to 262 months imprisonment, to be followed by 10 years of supervised release. Conley's release date is currently projected to be June 14, 2030.

Conley asserts that his wife has suffered from a rare form of cancer since 2004. She has undergone surgery on two occasions and may require future surgery. He and wife have three children, who were aged 13, 12, and 8 at the time of his sentencing in 2012, eight years ago. Presentence Investigation Report ¶ 66, ECF No. 313. Conley had a substantial substance abuse problem and reported using methamphetamine daily from 2004 to the time of his arrest. *Id*. at ¶ 70. He has a lengthy criminal record and was determined to be a career criminal at sentencing. *Id.* at ¶ 46. At the time of his arrest, he was unemployed. He had worked as a roofer and laborer until 2007, when he quit work to deal methamphetamine. *Id.* at ¶ 74. Conley is now 42 years old.

The U.S. Sentencing Commission has adopted policy provisions relating to release under § 3582(c)(1)(A). Those policies provide in pertinent part that release may be granted if the court determines that "extraordinary and compelling reasons warrant the reduction" and "[t]he defendant is not a danger to the safety of any other

person or to the community." U.S. Sentencing Commission Guidelines Manual (USSG) § 1B1.13(1)(A), (2) (2018). The USSG provides that extraordinary and compelling reasons may exist if there is "[t]he death or incapacitation of the caretaker of the defendant's minor child or minor children." *Id.* at cmt. n.1(C).

While I certainly sympathize with the health problems in Conley's family, I do not find that they constitute an extraordinary and compelling reason for the defendant's release under § 3582(c)(1)(A). Two of his children are now adults and there is no reason given why they cannot assist their mother and younger sister. His mother has a daughter who lives in the same town. Moreover, based on Conley's history and characteristics, I cannot find that there is no danger to public safety with his early release, even though he has so far a clear prison history and has completed drug classes.

For these reasons, it is **ORDERED** that the defendant's motion, ECF Nos. 311 and 315, are DENIED.

ENTER: May 11, 2020

/s/  JAMES P. JONES
United States District Judge