# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:11CR00037-002 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JAMES RICHARD CONLEY, JR.,** | ) | JUDGE JAMES P. JONES |
| Defendant. | ) | |

*Danielle Stone, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, a federal inmate sentenced by this court, has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the ground that he is needed at home as a caretaker for his wife. The government opposes any reduction. For the following reasons, the defendant's motion will be denied.[1]

I.

The defendant was sentenced on June 25, 2012, to a term of 262 months' incarceration for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation 21 U.S.C. §§ 846 and 841(b)(1)(A). He is 46 years old and his present projected release date is June 14, 2029. The defendant

---

[1] The defendant first filed a pro se motion and the court appointed counsel for him, who filed a supplemental motion.

contends that he has an extraordinary and compelling reason for compassionate release from his prison sentence due to his wife's health issues. Mrs. Conley suffers from a rare slow-growing cancer of the abdomen, pseudomyxoma peritonei. She has undergone numerous surgeries, and at her last visit to her doctor in May, she weighed only 67 pounds.

In 2019 the defendant filed a motion by counsel under § 3582(c)(1)(A)(i) on the same ground which the court denied, *United States v. Conley*, No. 1:11CR00037-002, 2020 WL 2516402 (W.D. Va. May 11, 2020), although it is alleged in the present motion that Mrs. Conley's circumstances have since worsened.

The defendant's two adult sons continue to live with their mother and routinely assist her, including managing her medications, bathing, personal hygiene, changing her adult diaper, and cooking. Both sons work in addition to caring for their mother and their incomes are needed to maintain the household. It is alleged that the sons are uncomfortable performing certain of their duties, such as changing their mother's clothes and assisting her in the shower. Other persons who have cared for Mrs. Conley in the past (her mother and sister) are no longer available due to their own poor health. Her adult daughter has her own household with young children and an outside job, and thus cannot assist her mother. The family's finances will not accommodate a hired caretaker.

The defendant has commendably maintained a positive disciplinary record while in prison. He has remained violation-free while in custody and served over half his sentence. He has also availed himself of educational classes, including courses on drugs, obtained his GED, and worked.

The government contends that the defendant should not be granted compassionate release because (1) Mrs. Conley's condition pre-date his sentencing, (2) he trafficked large quantities of methamphetamine while his wife was raising their children and simultaneously suffering from the medical condition, and (3) there are alternative caretakers, namely her sons.

## II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Those policy statements are set forth in U.S. Sentencing Commission Manual (USSG) § 1B1.13. Under the policy statements, extraordinary and compelling circumstances exist due to "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." USSG § 1B1.13(b)(3)(B).

While I understand the defendant's justifiable concerns regarding the comfort of his wife's caretakers, compassionate release for the defendant on the grounds of being the only available caregiver would depart from the Sentencing Guidelines. Mrs. Conley's sons are available and qualified caretakers. While Mrs. Conley's sons may be discomforted by caring for her, the Sentencing Guidelines require only availability, not comfort. Although USSG § 1B1.13(b) empowers the court to consider a broad pattern of extraordinary or compelling reasons, I do not find it allows the court to consider circumstances that contradict unambiguous provisions of the Sentencing Guidelines.

I find that the defendant has not alleged facts that are sufficient to constitute a compelling and extraordinary circumstance. Accordingly, the court is not required to consider the 18 U.S.C. § 3553(a) factors.

III.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, ECF Nos. 345 and 366, is DENIED.

ENTER: February 8, 2024

/s/  JAMES P. JONES
Senior United States District Judge